# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAREN P. BOSTWICK**
    **Plaintiff,**

  v.              Case No. 04-C-1173

**DISCOVER CARD BANK**
**and its SERVICING AGENTS**
    **Defendants.**

## ORDER

On December 8, 2004, plaintiff Karen P. Boswick filed a document with this court which I construed as a complaint. On March 8, 2005, I notified plaintiff that I found her complaint incoherent and could not discern from it any claim for relief or determine whether I have subject matter jurisdiction over this action. I provided plaintiff with thirty days to file an amended complaint and instructed her to include in such complaint a short statement of her claims in ordinary, non-legalistic English. I also instructed her to include a statement explaining the basis for this court's subject matter jurisdiction and advised her that to the extent she intended to bring fraud claims against the defendants, she was required to comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b).

Plaintiff filed an amended complaint and several other documents on March 28, 2005. The amended complaint states that I have federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the complaint states a claim for relief under 42 U.S.C. § 1983. However, even construing plaintiff's pro se pleading liberally, as I must, see, e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's allegations do not permit the inference that defendants, who are not government bodies, deprived plaintiff of

any federal right while acting under color of state law. Thus, plaintiff has not stated an arguable claim based on § 1983. Further, I can conceive of no other federal claim with which the allegations of the amended complaint are arguably consistent. Therefore, I do not have federal question jurisdiction over the present action.

Even if I had jurisdiction over this case, I would dismiss the amended complaint for failure to state a claim upon which relief can be granted. Pursuant to Fed. R. Civ. P. 8(a)(2), "[a]ll that's required to state a claim in a complaint in federal court is a short statement, in plain (that is, ordinary, nonlegalistic) English, of the legal claim." Kirskey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999). Plaintiffs "don't have to file long complaints, don't have to plead facts, don't have to plead legal theories." Id. Instead, a complaint states a claim as long as it is possible to "hypothesize any set of facts consistent with the complaint that shows that the complaint states a claim." Walker v. Thompson, 288 F.3d 1005, 1008 (7th Cir. 2002). However, a complaint must at least specify "the bare minimum facts necessary to put the defendant on notice of the claim so that [it] can file an answer," Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002); that is, a complaint must at least "notif[y] the defendant of the claim's nature," Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund, 212 F.3d 1031, 1038 (7th Cir. 2000).

In the present case, the amended complaint does not notify the defendants of the nature of any cognizable claim. Instead, the amended complaint is an assembly of incoherent assertions, citations to legal authority, and requests for discovery. Although plaintiff cites various federal laws and legal theories throughout the amended complaint, it is impossible to hypothesize any set of facts consistent with the complaint that shows that the complaint states a claim under the cited laws and legal theories or any other legal

2

theory. Accordingly, even if I had jurisdiction over the present case, I would dismiss the complaint for failure to state a claim.

I have already provided plaintiff with an opportunity to amend her complaint and demonstrate that she has arguable claims that can be litigated in federal court. However, plaintiff's amended complaint is no better than her first, and I believe that any further amendment would be unavailing. Therefore, I will not permit further pleadings, and this case will be dismissed for lack of subject matter jurisdiction, or alternatively, for failure to state a claim upon which relief can be granted.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

**ALTERNATIVELY, IT IS ORDERED** that defendant's motion to dismiss for failure to state a claim upon which relief can be granted is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to stay is **DENIED** as **MOOT**.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 31 day of May, 2005.

/s_____
LYNN ADELMAN
District Judge